THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE SEIU LOCAL 1 & PARTICIPATING EMPLOYERS HEALTH TRUST, and TRUSTEES OF THE SEIU LOCAL 1 & PARTICIPATING EMPLOYERS PENSION TRUST,<br><br>        Plaintiffs,<br><br>  v.<br><br>A&A MAINTENANCE ENTERPRISE, INC.,<br><br>        Defendant. | Case No. _____ |

# **C O M P L A I N T**

NOW COME Plaintiffs, TRUSTEES OF THE SEIU LOCAL 1 & PARTICIPATING EMPLOYERS HEALTH TRUST and TRUSTEES OF THE SEIU LOCAL 1 & PARTICIPATING EMPLOYERS PENSION TRUST, by and through their undersigned attorneys, and complain of Defendant, A&A MAINTENANCE ENTERPRISE, INC., a New York Corporation, as follows:

1. This action is brought under the provisions of Sections 502(g)(2), 502(a)(3), and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(g)(2), 1132(a)(3), and 1145 to collect delinquent contributions and related sums Defendant is obliged to contribute to Plaintiffs pursuant to applicable collective bargaining agreements and plan documents.

1

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper under federal question jurisdiction, as provided for in 28 U.S.C. § 1331, which states, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

3. Jurisdiction in this Court is also based upon Sections 502(e)(1) and 502(e)(2) of ERISA, 29 U.S.C. §§ 1132(e)(1) and 1132(e)(2), which state in relevant part:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

4. This Court also has jurisdiction pursuant to Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, as this is an action for a violation of a collective bargaining agreement between an employer and a labor organization.

5. Venue is proper in this District because Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), allows a suit to "be brought in the district where the plan is administered," and the Funds are maintained and administered at their offices at 111 East Wacker Drive, Suite 1700, Chicago, IL 60601, which is located in the Northern District of Illinois.

## PARTIES

6. Plaintiffs, TRUSTEES OF THE SEIU LOCAL 1 & PARTICIPATING EMPLOYERS HEALTH TRUST (the "Health Fund") and TRUSTEES OF THE SEIU LOCAL 1 & PARTICIPATING EMPLOYERS PENSION TRUST (the "Pension Fund") (collectively, the "Funds"), are Trustees of a multiemployer employee benefit plan, as defined under Section 3(3) of ERISA, 29 U.S.C § 1002(3).

7. The Plaintiffs-Trustees are fiduciaries of the Funds within the meaning of 29

U.S.C. § 1132(e)(1).

8. The Funds are Taft-Hartley Funds, which are administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA, and other applicable federal laws.

9. The Funds receive contributions from numerous employers, including Defendant, pursuant to collective bargaining agreements ("CBAs") heretofore entered into between the Service Employees International Union, Local 1 (the "Union") and those employers. The Funds are maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA and other applicable federal laws, and the provisions of certain Restated Agreements and Declarations of Trust ("Trust Agreements").

10. The Funds' offices are located at 111 East Wacker Drive, Suite 1700, Chicago, IL 60601, and the Funds are administered in the Northern District of Illinois.

11. As provided in the Trust Agreements, the Trustees of the Funds and their designees are required to receive, hold, and manage all monies required to be contributed to the Funds in accordance with the provisions of the then-applicable CBAs for the uses and purposes set forth in the Trust Agreements.

12. Defendant is an employer incorporated in the State of New York.

13. Defendant is a building maintenance company that is engaged in an industry affecting commerce and has conducted business within the State of Illinois during the relevant period.

14. Defendant maintains its principal place of business at 965 Midland Avenue, Yonkers, NY 10704.

15. Defendant employs or has employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the relevant CBAs, and the Trust Agreements incorporated therein, by the terms of which Defendant was required to contribute to the Funds.

**COUNT 1 – DELINQUENT CONTRIBUTIONS UNDER ERISA**

16. Plaintiffs incorporate and reallege paragraphs 1-15 as if fully stated herein.

17. Section 515 of ERISA requires an employer to make contributions to a multiemployer plan pursuant to the terms of the plan or under the terms of a collectively bargained agreement. 29 U.S.C. § 1145.

18. Section 502(a)(3) of ERISA provides that a fiduciary may enforce the provisions of ERISA and the terms of a plan through a civil action. 29 U.S.C. § 1132(a)(3).

19. Section 502(g)(2) of ERISA provides that a fiduciary bringing suit to recover delinquent contributions under Section 515 shall recover the unpaid contributions as well as interest thereupon, liquidated damages, attorney's fees and costs, and other appropriate legal and equitable relief. 29 U.S.C. § 1132(g)(2).

20. Defendant has repeatedly failed to submit accurate contribution reports and the required payments thereon to the Funds pursuant to the terms of the Collective Bargaining Agreements by which Defendant was bound, all in violation of its contractual obligations and its obligations under applicable federal law.

21. Pursuant to the terms of the relevant CBAs and Trust Agreements, an audit was conducted by the Funds, through their auditor, of Defendant's payroll records for the months of

January 2022 through December 2022. This audit found that Defendant failed to pay the full amount of contributions owed to the Funds for the months of January 2022 through December 2022.

22. As of the date of this filing, Defendant delinquent to the Health Fund in the amount of TWO HUNDRED SIXTEEN THOUSAND SIX HUNDRED SIXTY-NINE AND 73/100 DOLLARS ($216,669.73), comprising delinquent contributions for the months of January through December 2022, interest and liquidated damages for the months of June 2021 through April 2023 and June 2023, and audit fees, as provided for in the CBA and Trust Agreement. Interest continues to accrue.

23. As of the date of this filing, Defendant is delinquent to the Pension Fund in the amount of FIFTY-TWO THOUSAND FOUR HUNDRED EIGHTY-TWO AND 87/100 DOLLARS ($52,482.87), comprising delinquent contributions for the months of January through December 2022, interest and liquidated damages for the months of June 2021 through April 2023 and June 2023, and audit fees, as provided for in the CBA and Trust Agreement. Interest continues to accrue.

24. As of the date of this filing, the total of all amounts owed by Defendant to both Funds is TWO HUNDRED SIXTY-NINE THOUSAND ONE HUNDRED FIFTY-TWO AND 60/100 DOLLARS ($269,152.60).

25. As a result of the above-described omissions and breaches of agreement by Defendant, the Funds may be required (a) to deny the employee beneficiaries for whom contributions have not been made the benefits provided under the benefit plan, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to provide to employees of Defendant the benefits provided under the benefit plans, notwithstanding Defendant's failure

to make the required contributions thereto, thereby reducing the corpus of such Funds and endangering the rights of the employee beneficiaries on whose behalf contributions are being made, all to their substantial and irreparable injury.

26. The Funds, on their behalf, and on behalf of all employees for whose benefit the Funds were established, have requested that Defendant perform its obligations, but Defendant has refused and failed to perform as herein alleged.

27. The Funds are without an adequate remedy at law and will suffer immediate, continuing, and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of its obligations required under the CBAs and the Trust Agreements and is restrained from continuing to refuse to perform as required.

28. Defendant's failure to pay contributions owed is a violation of the CBAs and the Trust Agreements. The Funds, therefore, seek enforcement of these provisions pursuant to Sections 502(g)(2), 502(a)(3), and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2), 1132(a)(3), and 1145, and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C., § 185(a).

**WHEREFORE**, the Plaintiffs pray:

(a) That judgment be entered in favor of Plaintiffs and against Defendant in the amount of TWO HUNDRED SIXTY-NINE THOUSAND ONE HUNDRED FIFTY-TWO AND 60/100 DOLLARS ($269,152.60), and such additional monies that accrue during the pendency of this lawsuit.

(b) That Plaintiffs be awarded their costs, including reasonable attorney's fees incurred in the prosecution of this action as provided in the Collective Bargaining Agreements and under the applicable provisions of ERISA, as amended.

(c) That interest and/or liquidated damages be assessed against Defendant as provided in the Collective Bargaining Agreements, the applicable provisions of ERISA, as amended, or any other authority.

(d) That Defendant be specifically ordered to furnish to Plaintiffs the required monthly contribution payments and to continue to perform all obligations on Defendant's part according to the terms and conditions of its Collective Bargaining Agreements.

(e) For such other and further relief as the Court may determine just and proper.

                                              Respectfully submitted,
                                              By: */s/ Alex Behn*
                                                    One of Plaintiffs' Attorneys

Alex Behn
IL ARDC#: 6343323
Matthew J. Pierce
IL ARDC#: 6326448
Asher, Gittler & D'Alba, Ltd.
200 West Jackson Boulevard, Suite 720
Chicago, Illinois 60606
Phone: (312) 263-1500
ajb@ulaw.com
mjp@ulaw.com

Dated: November 22, 2024